**LAW OFFICE OF L. PAUL MANKIN IV**
L. Paul Mankin, IV (SBN 264038)
Nicholas W. Dahl (SBN 320777)
4655 Cass St., Ste. 410
San Diego, CA 92109
T: (800) 219-3577
F: (323) 207-3855
pmankin@paulmankin.com
ndahl@paulmankin.com

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY WADE, *on behalf of himself and all others similarly situated,* ) ) ) Plaintiffs, ) ) vs. ) ) RCS RECOVERY SERVICES, LLC; ) BRIAN DAWSON D.B.A. DAWSON ) & OZANNE, ATTORNEYS AT LAW; ) and BRENDAN OZANNE D.B.A. ) DAWSON & OZANNE, ATTORNEYS ) AT LAW ) ) Defendants. ) | Case No. **'19CV2016 BEN JLB** PLAINTIFF'S CLASS ACTION COMPLAINT JURY DEMANDED |

# NATURE OF THIS ACTION

1. Anthony Wade ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against RCS Recovery Services, LLC ("Defendant RCS"), Brian Dawson, esq., and Brendan Ozanne, esq. ("Defendants DO") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. § 1788 *et seq*.

2. In particular, Plaintiff alleges that Defendants violated the FDCPA and RFDCPA by failing to properly provide him and the putative class with disclosures required by 15 U.S.C. § 1692g(a)(4). Such violations of the FDCPA also constitute violations of the RFDCPA under Cal. Civ. § 1788.17.

# BACKGROUND

3. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

4. It did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

5. The Consumer Financial Protection Bureau ("CFPB"), which is the federal agency tasked with enforcing the FDCPA, receives "more consumer complaints about debt collection practices than about any other issue."[1]

6. To combat this problem, the FDCPA requires that debt collectors send consumers "validation notices" containing certain information about their alleged debts and related rights "[w]ithin five days after the initial communication with a

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs /hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." 15 U.S.C. § 1692g(a).

7. These validation notices must advise consumers of, among other things, the right to dispute a respective debt and to request, ***in writing***, that the debt collector provide the consumer with certain information. 15 U.S.C. § 1692g(a)(4).

8. Specifically, if a consumer "notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed," the debt collector must "obtain verification of the debt or a copy of a judgment against the consumer," and mail "a copy of such verification or judgment" to the consumer. *Id*.

9. "[T]his validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"[2]

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the FDCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2), as Defendants DO reside in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district[3]

///
///

---

[2] *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).
[3] The letter dated, June 20, 2019, that was sent by Defendants DO and gives rise to this action was generated and sent out from this district.

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the city and county of Los Angeles, California. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" and "debtor" as those terms are defined by Cal. Civ. § 1788.2(g)-(h), in that the alleged debt that Defendants sought to collect from Plaintiff was originally incurred, if at all, for personal, family, or household purposes. Therefore, the alleged debt being collected is a "consumer debt" within the meaning of 15 U.S.C. § 1692a(5) ad Cal. Civ. § 1788.2(d)-(e).

13. Defendant RCS is a limited liability company with its principal place of business located in Florida. The principal purpose of Defendant RCS is the collection of mortgage deficiency debts in this state and many other states. Defendant RCS regularly attempts to collect consumer debts alleged to be due to another using the interstate mail and telephone.

14. Defendant RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

15. Defendants DO are attorneys doing business as Dawson & Ozanne, Attorneys at Law. On information and belief, Defendants DO regularly collect or attempt to collect debts owed or due to be owed on behalf of their clients.

16. Defendants DO are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

**A.  The Account**

17. On or about November 11, 2015, Plaintiff signed a promissory note (the "Note") to purchase real property to be used as his residence.

18. Several years later Plaintiff fell behind into arrears and lost the real property to foreclosure.

19. Thereafter, Defendant RCS purchased the Note and began attempting

to collect the alleged outstanding balance on the Note.

20. On information and belief, Defendant RCS retained Defendants DO as its collection attorneys for the purpose of collecting the debt Plaintiff allegedly owes to Defendant RCS.

**B.     The Unlawful Collection Letter**

21. On June 20, 2019, Defendant RCS, through its counsel, Defendants DO sent an initial collection letter to Plaintiff entitled "Notice of Acceleration of Promissory Note and Final Demand for Payment". A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

22. In pertinent part, the letter states:

> Unless you inform us that you are ***disputing the validity of the debt***, or any portion thereof within thirty days after your receipt of this notice, the debt will be assumed to be valid. If you notify us within the thirty-day period that the debt, or any portion thereof, is disputed, we will provide you with verification of the debt obligation by mail. Also, upon your request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

23. Defendants, June 20, 2019, letter to Plaintiff was its initial communication to him.

24. Defendants did not otherwise communicate with Plaintiff within the five days following its initial communication to him.

25. Defendants, June 20, 2019, letter to Plaintiff violated 15 U.S.C. § 1692g(a)(4) by failing to advise Plaintiff only a written dispute would trigger any obligation for Defendants DO to produce documents validating the alleged debt.

26. That is, Defendants DO was not required to mail verification of the debt, or a copy of the judgment, to Plaintiff if he orally requested that Defendants DO do so.

27. This misstatement of the rights afforded by the FDCPA and RFDCPA would cause the least-sophisticated consumer to understand, incorrectly, that requests for debt validation can effectively be made verbally, when in fact the only mechanism that would trigger such rights is a written dispute sent to Defendants DO.

28. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate his or her rights under the FDCPA and RFDCPA.

29. Moreover, failing to request verification in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b); namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

30. Upon information and good-faith belief, Defendants DO were directed by Defendant RCS to send Plaintiff the June 20, 2019 letter. On information and good-faith belief, Defendant RCS hired Defendants DO to initiate collection communications, attempt to collect, and collect on debts owed by California consumers on behalf of Defendant RCS.

31. Specifically, Defendant RCS, a debt buying entity that has been in existence for nearly a decade, commonly hires collection law firms like Defendants DO to collect on defaulted home loans which RCS purchases. As such, and upon information and belief, Defendant RCS prepared and approved – or at a minimum provided Defendants DO with – a template form letter identical or substantially similar to the letter delivered to Plaintiff and the putative class. Thus, Defendant RCS played a significant and substantial role in the creation and approval to use the letter delivered to Plaintiff and the putative class.

## CLASS ALLEGATIONS

**A.  The Class**

32.  Plaintiff brings this action under Fed. R. Civ. P. 23 and on behalf of himself and all others similarly situated.

33.  Plaintiff seeks to represent a class defined as:

(a) All California consumers, (b) to whom Defendants DO mailed an initial debt collection communication that stated: "Unless you inform us that you are disputing the validity of the debt, or any portion thereof within thirty days after your receipt of this notice, the debt will be assumed to be valid. If you notify us within the thirty-day period that the debt, or any portion thereof, is disputed, we will provide you with verification of the debt obligation by mail. Also, upon your request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor" (c) within the year preceding the date of this complaint, (d) in connection with the collection of a consumer debt on behalf of RCS Recovery Services, LLC, (e) which was not returned as undeliverable.

34.  The proposed class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of The United States Supreme Court, Defendants, any entities in which Defendants have a controlling interest, the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

**B.  Numerosity**

35.  Upon information and good faith belief, Defendants used a form collection letter that was mailed to hundreds, if not thousands, of consumers if

-7-

California. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

36. The exact number of the members of the proposed class is unknown at this time, but can be ascertained through appropriate discovery.

37. Upon information and good faith belief, the class is ascertainable in that the names and addresses of all members of the proposed class can be identified by Defendants' business records.

### C.  Common Questions of Law and Fact

38. There exists a well-defined community of interest in questions of law and fact that affect all members of the proposed class.

39. These common questions of law and fact predominate over questions that may affect individual members of the proposed class.

40. These common questions of law and fact include, but are not limited to:

   a. Did Defendants violate 15 U.S.C. §1692g(a) by failing to advise Plaintiff and the putative class that any dispute must be in writing in order to receive written response from Defendants?

   b. Did Defendants violate 15 U.S.C. §1692g(b) by engaging in conduct via written communication which overshadowed or was otherwise inconsistent with the mandated disclosures regarding Plaintiff's and the putative class' rights to dispute the debt and/or receive a written response from Defendants?

   c. Did Defendants violate 15 U.S.C. § 1692e and 1692e(10) by engaging in false, deceptive, or otherwise misleading communications with Plaintiff and the putative class?

   d. Did Defendants violate Cal. Civ. § 1788.17 by sending written correspondence to Plaintiff and the putative class which violates the FDCPA?

### D. **Typicality**

41. Plaintiff's claims are typical of the claims of each member of the proposed class. Each of the claims arises from receipt of a letter substantially similar to the Letter sent to Plaintiff by Defendant.

42. Plaintiff's claims, and the claims of the members of the proposed class, originate from the same conduct, practice, and procedure, on the part of Defendant.

43. If brought and prosecuted individually, the claims of each member of the proposed class would require proof of the same material and substantive facts.

### E. **Protecting the Interests of the Class Members**

44. Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

45. Plaintiff asserts identical claims, and seeks the same relief, for both himself and the members of the proposed class.

46. Plaintiff will fairly and adequately protect the interests of the members of the proposed class.

47. Plaintiff has no interests that directly and irrevocably conflict with the interests of other members of the proposed class.

48. Plaintiff is willing and prepared to serve this Court and the members of the proposed class.

49. Plaintiff's interests are co-extensive with, and not directly antagonistic to, those of the members of the proposed class.

50. Plaintiff has retained the services of counsel who are experienced in both consumer protection claims and complex class action litigation.

51. Plaintiff's counsel will vigorously prosecute this action, and will assert, protect, and otherwise represent both Plaintiff and all absent members of the proposed class.

### F. Proceeding Via Class Action is Superior and Advisable

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by individual members of the proposed class may create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class, which could establish incompatible standards of conduct for Defendants.

53. These incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed class.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the members of the proposed class, making final declaratory or injunctive relief appropriate.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed class predominate over any questions affecting only individual members of the proposed class.

56. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that:

    a. Individual claims by the members of the proposed class may be impracticable as the costs of pursuit could far exceed what any one member of the proposed class has at stake;

    b. Individual members of the proposed class are unlikely to have an interest in prosecuting and controlling separate individual actions; and

    c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### G. Plaintiff and the Putative Class Have Article III Standing

57. As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated California consumers without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

d. Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial

collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame.

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

58.  Plaintiff incorporates the allegations contained in Paragraphs 1 through 57 above.

59.  The FDCPA at Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will

provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

60. "Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing." *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) (citing *Bicking*, 783 F.Supp.2d at 844–46; *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09–CV–43–D, 2010 WL 1980083, at *6–7 (E.D.N.C. Mar. 1, 2010); *Nero v. Law Office of Sam Streeter*, 655 F.Supp.2d 200, 206 (E.D.N.Y.2009); *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736, 742–44 (N.D.Ill.2003); *Carroll v. United Compucred Collections, Inc.*, No. 1–99–0152, 2002 WL 31936511, at *8–9 (M.D.Tenn. Nov. 15, 2002); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 340–41 (E.D.N.Y. 2002)).

61. Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that requests under Subsection (a)(4) of the FDCPA must be made in writing.

62. Defendants also violated 15 U.S.C. §§ 1692e and 1692e(10), as the letter constitutes false, deceptive or otherwise misleading communications made to Plaintiff and the putative class in connection with the collection of a debt.

63. Defendants also violated 15 U.S.C. § 1692g(b) by sending written correspondence to Plaintiff and the putative class which overshadows or otherwise contradicts the mandate disclosures pertaining to a consumer's rights to dispute and/or seek written validation responses from a debt collector.

64. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

# COUNT II:
# VIOLATION OF
# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

65. Plaintiff incorporates the allegations contained in Paragraphs 1 through 64 above.

66. The RFDCPA at Cal. Civ. Code §1788.17 mandates that:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

67. Defendants violated §§ 1692g(a), 1692g(b), 1692e, and 1692e(10) of the FDCPA as noted above. Therefore, each and every one of Defendants' violations of the FDCPA also constitutes a violation of the RFDCPA under Cal. Civ. Code § 1788.17.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment as follows:

1. Determining that this action is a proper class action under Fed. R. Civ. P. 23;
2. Certifying Plaintiff as class representative;
3. Appointing Plaintiff's counsel as class counsel;
4. Awarding statutory damages up to $1,000.00 per named class member, and $500,000.00 or 1% of Defendants' net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;
5. Awarding statutory damages up to $500,00.00 or 1% of Defendants' net worth for the consumer class members, whichever is the lesser,

       pursuant to *Cal. Civ. §1788.30;*

6. Awarding Plaintiff, and members of the proposed class, any pre-judgment and post-judgment interest as may be allowed under the law;

7. Awarding Plaintiff, and each member of The Class, reasonable attorneys' fees and costs of suit, and;

8. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

                                                     Respectfully submitted,

Dated: October 21, 2019       **LAW OFFICE OF L. PAUL MANKIN IV**

                                                     /s/ L. Paul Mankin
                                                     L. Paul Mankin
                                                     Nicholas W. Dahl
                                                     Attorneys for Plaintiff

                                                     Respectfully submitted,

Dated: October 21, 2019      **MARTIN & BONTRAGER, APC**

                                                   /s/ Nicholas J. Bontrager
                                                   G. Thomas Martin, III
                                                   Nicholas J. Bontrager
                                                   Attorneys for Plaintiff